# STATE OF MICHIGAN

# COURT OF APPEALS

PEOPLE OF THE STATE OF MICHIGAN,

        Plaintiff-Appellee,

v

DUSTIN ANTHONY MENARD,

        Defendant-Appellant.

UNPUBLISHED
February 13, 2018

No. 336885
Delta Circuit Court
LC No. 13-008870-FH

Before: MARKEY, P.J., and M. J. KELLY and CAMERON, JJ.

PER CURIAM.

Defendant, Dustin Menard, was convicted by a jury of one count of third-degree criminal sexual conduct (CSC-III), MCL 750.520d(1)(b), and was sentenced as a fourth offense habitual offender, MCL 769.12, to serve 7 to 25 years in prison. Following a *Crosby*[1] remand from our Supreme Court,[2] the trial court determined that it would not have imposed a materially different sentence under the advisory sentencing guidelines. For the reasons stated in this opinion, we affirm.

## I. BASIC FACTS

Menard sexually penetrated the complainant after driving her to her car after they attended a bonfire together. At trial, he did not dispute that sexual contact occurred, but he maintained that it was consensual. The jury, however, convicted him of one count of CSC-III, and he was sentenced in May 2014. Menard appealed his conviction to this Court, raising challenges to his conviction and sentence. *People v Menard*, unpublished per curiam opinion of the Court of Appeals, issued November 3, 2015 (Docket No. 321688). This Court affirmed. *Id*. at 1. Menard filed an application for leave to appeal with our Supreme Court, which remanded the case to the trial court "to determine whether the court would have imposed a materially different sentence under the sentencing procedure described in *People v Lockridge*, 498 Mich 358[; 870 NW2d 502] (2015)." in *Lockridge*. *People v Menard*, 500 Mich 875 (2016). The Court instructed:

---

[1] *United States v Crosby*, 397 F3d 103 (CA 2, 2005).

[2] *People v Menard*, 500 Mich 875 (2016).

-1-

On remand, the trial court shall follow the procedure described in Part VI of our opinion. If the trial court determines that it would have imposed the same sentence absent the unconstitutional constraint on its discretion, it may reaffirm the original sentence. If, however, the trial court determines that it would not have imposed the same sentence absent the unconstitutional constraint on its discretion, it shall resentence the defendant. [*Id*.]

The Court denied leave in all other respects. *Id*.

On remand, the trial court afforded Menard an opportunity to notify the court whether he was seeking resentencing, and Menard indicated that he was, in fact, interested in pursuing resentencing. Thereafter, the trial court reaffirmed Menard's original sentence.

## II. SENTENCING

Menard first asks this Court to determine that *People v Schrauben*, 314 Mich App 181, 196 n 1; 886 NW2d 173 (2016) was wrongly decided to the extent that it applied the limitation on review set forth in MCL 769.34(10) to a post-*Lockridge* decision. MCL 769.34(10) provides:

> If a minimum sentence is within the appropriate guidelines sentence range, the court of appeals shall affirm that sentence and shall not remand for resentencing absent an error in scoring the sentencing guidelines or inaccurate information relied upon in determining the defendant's sentence. . . .

On appeal, Menard contends that whenever judicial fact-finding is used to score the sentencing guidelines, a defendant should be permitted to have his sentence reviewed even absent an error in the scoring of the guidelines or the trial court's reliance on inaccurate information when determining the defendant's sentence. However, we are bound by *Schrauben*, MCR 7.215(J)(1), and are unpersuaded that it was wrongly decided. Furthermore, given that the trial court did not resentence Menard, we need not determine whether it is proper to review his sentence under MCL 769.34(10). Instead, we need only determine whether the trial court erred by declining to resentence Menard following a *Crosby* remand.

Menard argues that in order to properly decline to resentence a defendant following a *Crosby* remand, the trial court must articulate the reasons for the denial in sufficient detail to enable meaningful review from an appellate court. We agree that on a *Crosby* remand, if a trial court decides not to resentence the defendant, it must place an appropriate explanation for its decision on the record. *Lockridge*, 498 Mich at 398. However, we disagree that the trial court failed to articulate a sufficient explanation for its decision to uphold the original sentence rather than resentence Menard.

The court explained its decision as follows:

The Defendant was convicted by the jury of third degree criminal sexual conduct by use of force or coercion. The Defendant's crime was rape as that act is commonly understood, and an act which profoundly affected the victim. As a result of his record, the now-advisory guidelines scoring was set at 72 months to 240 months, and the sentence imposed on May 2, 2014 was proportionate. The

sentence was appropriate when given in 2014 and, after review, remains appropriate.

This was sufficient to explain why the court declined to resentence Menard. The court articulated that Menard raped the victim, that the crime had a profound impact on the victim, and that the sentence fell within the advisory minimum sentence range. The court considered the imposed sentence in light of the changes established in *Lockridge* and determined that the now-advisory sentencing guidelines would not have changed the imposed sentence. Moreover, the court found that the sentence remained proportionate. This articulation is all that is required in a *Crosby* remand.

### III.  STANDARD 4

Menard raises several additional challenges to his sentence in a Standard 4 brief filed under Administrative Order 2004-6, Standard 4. However, those challenges pertain to whether the prosecutor improperly filed a notice to seek an enhanced sentence and whether several offense variables (OVs) were improperly scored when he was originally sentence. However, because this case was remanded for *Crosby* proceedings, and because the court declined to resentence Menard, the challenges raised in the Standard 4 brief are outside the scope of the remand order and will not be addressed further. See *People v Canter*, 197 Mich App 550, 567; 496 NW2d 336 (1992) (stating that "proceedings on remand are limited to the scope of the remand order").

Affirmed.

/s/ Jane E. Markey
/s/ Michael J. Kelly
/s/ Thomas C. Cameron